IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2002 Session

## CAROLINE ELIZABETH SMITH v. MARK O. SMITH

**Direct Appeal from the General Sessions Court for Sumner County**
**No. 2509-G     Barry R. Brown, Judge**

---

**No.  M2001-00689-COA-R3-CV - Filed July 30, 2002**

---

OPINION GRANTING APPELLEE MARK O. SMITH'S MOTION FOR AWARD OF ATTORNEY'S FEES AND EXPENSES.

IRVIN H. KILCREASE, JR., Sp. J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, J J., joined.

Gary M. Williams, Hendersonville, Tennessee, for the appellant, Caroline Elizabeth Smith.

Michael W. Edwards, Hendersonville, Tennessee, for the appellee, Mark O. Smith.

I

Initially, this case came before this court on an appeal from an Order of the trial court, which ordered that the custody of the two(2) minor children of the parties remain with the appellee, Mark O. Smith ("father"), because there had not been a material or substantial change of circumstances in the custodial arrangement.  The appellant, Caroline Elizabeth Smith ("mother") appealed the Order of the trial court to this court.  We affirmed the decision of the trial court and taxed the costs of the appeal to the appellant Caroline Elizabeth Smith.  However, this Court did not address the issues of the award of attorney's fees and expenses.

In consideration of the entire record, we grant the father's motion for the award of attorney's fees and expenses associated with his defense of the decision of the trial court on appeal, for reasons hereinafter stated.

II

Subsequent to the filing of the original opinion in this case on May 16, 2002, the father, as the prevailing party on appeal, filed the instant motion on May 25, 2002 seeking his attorney's fees and costs associated with his defense of the decision of the trial court.

On May 28, 2002, the mother filed a response to the father's motion for attorney's fees and costs. In her response, the mother opposed the father's motion on the basis that this Court did not make a finding that her appeal was frivolous. The mother's assertion is without merit. It is not necessary for the court to make such finding, before awarding attorney's fees and expenses in this instance.

### III

The minor children of the parties are benefitted by the decision of the trial court and the father's successful defense of the decision of the trial court on appeal. Accordingly, the father is entitled to be awarded his reasonable attorney's fees and expenses incurred in defending the decision of the trial court on appeal. Thus, the father's motion is granted. Dalton v. Dalton 858 SW 2d 324,327 (Tenn. App. 1993)

### IV

This matter is remanded to the trial court for assessment and a judgment for the father's attorney's fees and expenses incurred on appeal and for such further proceedings as may be necessary. The costs on appeal are taxed to the appellant mother.

_____

_____
Irvin H. Kilcrease, Jr., Sp. J.